UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ONEAL WATTERS, 363886,

                         Petitioner,

v.

CONNIE HORTON,

                         Respondent.
_____/

Case No. 20-cv-11534

Christopher A. Boyko
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO GRANT**
**RESPONDENT'S MOTION TO DISMISS (ECF No. 11)**
**AND TO DISMISS PETITIONER'S PETITION (ECF No. 1)**

     This matter is before the Court on a Petition under 28 U.S.C. § 2254 for Writ of

Habeas Corpus, filed by William Oneal Watters ("Watters") on May 27, 2020. (ECF No.

1) (the "Petition). Watters was convicted following a Wayne County Circuit Court jury

trial of three counts of first-degree criminal sexual conduct, and three counts of second-

degree criminal sexual conduct, in each case against a child less than thirteen years of age,

in violation of M.C.L. §§ 750.520b(2)(b) and 750.520c(1)(a), respectively. (ECF No. 1,

PageID.8). He was sentenced as a habitual offender to a lengthy prison sentence, which

he continues to serve at the Michigan Department of Correction's Chippewa Correctional

Facility. Having unsuccessfully pursued a direct appeal through the Michigan Supreme

Court, and a post-conviction appeal through the United States Supreme Court, Watters now

seeks relief via his habeas corpus Petition, alleging various violations of his constitutional

rights.

Following its independent review of Watters' Petition, the Court ordered the parties to brief Watters' ability to raise two of his claims which he had not exhausted in the state courts. (ECF No. 8). Rather than filing a brief addressing that issue, Respondent filed a motion to dismiss Watters' Petition in its entirety, arguing that he had filed it beyond the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). (ECF No. 11).

For the reasons discussed below, the Court concurs that Watters' Petition was filed beyond the applicable statute of limitations, and Watters has not shown that he is entitled to equitable tolling of that deadline. The Court also finds that Watters' unexhausted claims lack merit and should be dismissed. Accordingly, the Court recommends that Respondent's motion to dismiss **(ECF No. 11)** be **GRANTED**, and that Watters' Petition **(ECF No. 1)** be **DISMISSED**.

## I.    Background

In October 2013, following a Wayne County Circuit Court jury trial, Watters was convicted of three counts of first-degree criminal sexual conduct, and three counts of second-degree criminal sexual conduct. (ECF No. 12-1, PageID.72). On November 20, 2013, Watters was sentenced as a habitual offender to 55 to 95 years in prison under the supervision of the Michigan Department of Corrections. (*Id.*, PageID.75-76; ECF No. 12-15, PageID.1231; ECF No. 12-17, PageID.1611).

Following his conviction, Watters filed a claim of appeal with the Michigan Court of Appeals, which that court denied in a written decision dated August 18, 2015. (ECF No. 12-15, PageID.1228-30). Watters subsequently filing an application for leave to appeal in the Michigan Supreme Court, which was denied on February 2, 2016. (ECF No.

12-16, PageID.1491).  Waters did not file a petition for writ of certiorari in the United States Supreme Court.

On April 25, 2017, however, Watters filed a motion for relief from judgement in the trial court.  (ECF No. 12-1, PageID.76).  That motion was denied on June 16, 2017.  (*Id.*; ECF No. 12-13).[1]  Watters' motion for reconsideration was denied on August 8, 2017. (ECF No. 12-14).  Watters then filed an application for leave to appeal to the Michigan Court of Appeals, which was denied on January 23, 2018.  (ECF No. 12-17, PageID.1582). Watters' motion for reconsideration was denied on March 7, 2018.  (*Id.*, PageID.1580).[2] The Michigan Supreme Court denied Watters' application for leave to appeal on December 4, 2018.  (ECF No. 12-18, PageID.1615).  Finally, Watters filed a petition for a writ of certiorari in the United States Supreme Court, which petition was denied on May 13, 2019. (*Id.*, PageID.1653).

Watters filed his instant habeas corpus Petition on May 27, 2020.  (ECF No. 1).  He asserts four grounds for relief.  In Grounds 1 and 4, Watters asserts claims of ineffective assistance of counsel.  Specifically, he asserts that his trial counsel was ineffective in not "call[ing] important witnesses" at trial (Ground One) and in not arguing a "lack of resistance" by his victim (Ground Four, the "Lack of Resistance Claim").  (*Id.*, PageID.5,

---

[1] While the hearing on that motion apparently took place on June 15, 2017, the order wasn't entered until the next day, June 16, 2017.  (*Id.*; *cf.* ECF No. 12-17, PageID.1581-82).

[2] Although this order is undated, the Court of Appeals docket sheet clearly indicates that it was entered on March 7, 2018.  *See* https://www.courts.michigan.gov/4939ed/siteassets/case-documents/uploads/coa/public/orders/2018/342036(10)_order.pdf and https://www.courts.michigan.gov/c/courts/coa/case/342036) (last visited on March 17, 2022).

24).  Watters alleges in his Petition that he did not exhaust his Lack of Resistance Claim "because [he] just got this information in Oct[ober] of 2019.  (*Id.*, PageID.24).  In Ground 2, Watters alleges that his "preliminary sentencing guideline report" contained incorrect information – namely, it "states that it was two victims but at trial, [] [the prosecutor] states it's only one victim" – and that this resulted in an incorrect "trial sentencing guideline report."  (*Id.*, PageID.18-19) (the "Sentencing Guidelines Claim").  Watters alleges in his Petition that he did not exhaust this claim because he "never had the Trial Sentencing Guideline Report nor [] the Preliminary Sentencing Guideline Report," and only received the Preliminary Sentencing Guideline Report in October 2019.  (*Id.*, PageID.18-19, 21).  In Ground 3, Watters asserts that the trial judge committed an abuse of discretion by limiting his expert witnesses' testimony.  (*Id.*, PageID.22) (the "Expert Witness Claim").

As noted above, the Court ordered Respondent to address the exhaustion issue.  (ECF No. 8).  Instead of doing so, however, Respondent filed a motion to dismiss Watters' Petition on the grounds that it was "not [] filed within the applicable statute of limitations under 28 U.S.C. § 2244," and that Watters "is not entitled to equitable tolling."  (ECF No. 11).[3]  (ECF No. 11).  Watters filed a response to that motion (ECF No. 13), and the Respondent did not file a reply.

---

[3] In his response brief, Watters asserts that Respondent failed "to address the issues of [Watters'] claims of his sentencing guidelines, how they were scored from incorrect information based on there being 'two victims' when there were really one."  (ECF No. 13, PageID.1656).  While Watters is correct, if Respondent is correct on the threshold issue of his Petition's timeliness, the Court need not reach the merits of his claims.  Moreover, as discussed below, to the extent any of Watters' claims could plausibly survive Respondent's motion to dismiss, those claims are subject to dismissal on the merits.

4

## II.    Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a one-year statute of limitations "shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute provides:

> The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate for the claim or claims could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1).

The United States Supreme Court has held that § 2244(d)(1)(A)'s reference to the time for seeking "direct review" includes review by the Supreme Court. *Lawrence v. Fla.*, 549 U.S. 327, 333 (2007) ("'direct review' has long included review by this Court."). Thus, when a petitioner, as part of the *direct review* process, files a timely petition for certiorari, the statute of limitations will not begin to run until that petition is adjudicated. However, for a petitioner who, on direct review, fails to pursue an avenue of appellate review

5

available to him, the one-year limitations period begins to run upon "the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).

When a petitioner concludes the direct review process and then pursues post-conviction or other collateral review, a different portion of § 2242 applies.  28 U.S.C. § 2242(d)(2) provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  While it is well established that "[t]he limitation period is tolled ... during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim,'" *Wall v. Kholi*, 562 U.S. 545, 550-551 (2011) (quoting 28 U.S.C. § 2244(d)(2)), after the conclusion of collateral review in *the state court*, the statute of limitations is *not* tolled pending a certiorari petition in the United States Supreme Court.  *Lawrence*, 549 U.S. at 332.  This is because § 2244(d)(2) applies to the period of time when a state post-conviction review "is pending," and "[w]hen the state courts have issued a final judgment on a state application, it is no longer pending even if a prisoner has additional time for seeking review of that judgment through a petition for certiorari."  *Id.* at 334.

Applying the above principles to the facts of Watters' case, it is clear that his Petition was untimely filed.  Moreover, he is not entitled to equitable tolling.

## III.   Analysis

### A.   *Watters' Petition was Filed Beyond the One-Year Statute of Limitations*

Watters' petition is untimely under § 2244(d)(1).  Watters was sentenced on November 8, 2013, at which point he was entitled to commence the direct review process. Watters' timely filed an appeal with the Michigan Court of Appeals, and, on August 18, 2015, that court issued an unpublished opinion affirming his conviction.  (ECF No. 12-15, PageID.1228-30).  Subsequently, Watters filed an application for leave to appeal in the Michigan Supreme Court, which was denied in an unpublished table decision on February 2, 2016.  (ECF No. 12-16, PageID.1491).

Following the Michigan Supreme Court's denial of Watters' petition, a 90-day period for seeking review in the United States Supreme Court began.  Supreme Court Rule 13.  That 90-day period expired on May 2, 2016.  When Watters did not file a petition with the United States Supreme Court for a writ of certiorari by that date, the direct review process concluded, and Watters' judgment of conviction became final.  28 U.S.C. § 2244(d)(1)(A).  Thus, the one-year statute of limitations for Watters to file a habeas corpus petition began running at that point and expired one year later, on May 3, 2017.

Under 28 U.S.C. § 2244(d)(2), that limitations period was tolled starting on April 25, 2017, when Watters filed a trial court motion for relief from judgement.  (ECF No. 12-1, PageID.76).  However, at that point, only 8 days remained in the one-year limitations period, meaning that following the conclusion of this post-conviction review *in the Michigan state court*, Watters would have only that very limited number of days (8) to file his Petition.  28 U.S.C. § 2244(d)(2); *Lawrence*, 549 U.S. at 332.  The trial court denied Watters' motion for relief from judgment on June 16, 2017, and subsequently denied his motion for reconsideration on August 8, 2017.  (ECF No. 12-1, PageID.76; ECF No. 12-

13; ECF No. 12-14).  Watters filed an application for leave to appeal in the Michigan Court of Appeals, which was denied on January 23, 2018.  (ECF No. 12-17, PageID.1582).  The Court of Appeals denied Watters' motion for reconsideration on March 7, 2018.[4]  (*Id.*, PageID.1582).

Watters then filed an application for leave to appeal to the Michigan Supreme Court, which was denied on December 4, 2018.  (ECF No. 12-18, PageID.1615).  Therefore, Waters' state court post-conviction review ceased to be "pending" on December 4, 2018, *Lawrence*, 549 U.S. at 334, meaning he had 8 days, or until December 12, 2018, to file a petition for a writ of habeas corpus.  28 U.S.C. § 2244(d)(2); *Wall*, 562 U.S. at 550-551.[5] Because Watters did not file his Petition for a writ of habeas corpus until May 27, 2020, it was more than 17 months too late.

Accordingly, unless equitable tolling applies, Watters' Petition is subject to dismissal.

### B.    *Watters is Not Entitled to Equitable Tolling*

The one-year habeas corpus petition statute of limitations is subject to equitable tolling only where a petitioner "(1)…has been pursuing his rights diligently, and (2) [] some extraordinary circumstance stood in his way."  *See Holland v. Florida*, 560 U.S. 631,

---

[4] As noted above, *supra* at 3 n.2, the order is undated, but the Court of Appeals docket sheet indicates that it was entered on March 7, 2018.  However, because the tolling ended with the Michigan Supreme Court's later December 4, 2018 denial of Watters' application for leave to appeal, any discrepancy as to the Court of Appeals' reconsideration order is immaterial.

[5] Although Watters filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on May 13, 2019 (ECF No. 12-18, PageID.1653), as explained above, *see supra* at 5, his filing of that petition did not toll the statute of limitations.  *Lawrence*, 549 U.S. at 332.

649 (2010).  The Court has held that "reasonable diligence," not "maximum feasible diligence" is required for equitable tolling.  *Holland*, 560 U.S. at 653.  The petitioner bears the burden of establishing both *Holland* factors.  *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).  Watters has not satisfied these burdens.

At least with respect to his Ground One and Ground Three claims, Watters offers no explanation whatsoever as to why he should be entitled to equitable tolling.  He thus did not show he pursued those claims diligently, or that he was prevented from pursing them due to extraordinary circumstances.  Accordingly, equitable tolling does not apply to those claims.  *Holland*, 560 U.S. at 649.

Liberally construing Watters's filings, he seems to be arguing that the Court should apply equitable tolling principles to his Sentencing Guidelines Claim and Lack of Resistance Claim.  Specifically, Watters says he did not assert the former claim earlier because he (1) "grew knowledge of the prelim[inary] + trial sentencing guidelines in Feb. of 2019," and (2) "just got the preliminary sentencing guidelines which does state that it was two victims [and] not one."  (ECF No. 13, PageID.1656).[6]  In support of this contention, Watters points to a June 17, 2019 letter from the trial court.  (*Id.*, PageID.1657).  In his Petition, Watters seems to make a similar argument about having "just got [the] information" supporting his Lack of Resistance Claim, and again refers to the same June 17, 2019 letter (though he also references "Oct of 2019").  (ECF No. 1, PageID.24, 26).

---

[6] Watters also claims he "is still waiting for" his "trial sentencing guidelines."  (*Id.*).

But these contentions do not help Watters establish entitlement to equitable tolling as to these claims.

First, Watters' Sentencing Guidelines Claim and Lack of Resistance Claim are being raised approximately seven years after his sentencing in the fall of 2013.   While Watters alleges he only learned of the sentencing guideline information "in Feb. of 2019" and of the information related to his Ground Four claim a few months later, he does not claim the underlying evidence did not exist at the time of trial and sentencing.   Nor does he claim that it was secreted from him in any way.   Rather, he makes only extremely vague references about when he supposedly learned of these issues.   (ECF No. 1, PageID. 18, 24, 27; ECF No. 13, PageID.1657).   Moreover, at least as to the Sentencing Guidelines Claim, even taking Watters at his word that he became aware of this issue "in Feb. of 2019," his Petition would still be untimely as it was not filed until more than one year later, on May 27, 2020.   And, as to the Lack of Resistance Claim, Watters clearly would have been aware of his attorney's failure to elicit relevant testimony because that failure would have occurred during his trial.   Indeed, the trial judge specifically addressed that issue when she ruled on the instructions to be submitted to the jury.   (ECF No. 1, PageID.25).   Watters offers no explanation as to why he could not have raised the issue from the outset of his direct appeal.   For all of these reasons, Watters fails to show that he acted with the requisite diligence to be entitled to equitable tolling.   *See Holland*, 560 U.S. at 649; *Miller*, 305 F.3d at 496.

Nor has Waters shown any "extraordinary circumstance" that prevented him from timely filing his Petition.   *Holland*, 560 U.S. at 649.   The Sixth Circuit has repeatedly held

that the phrase "extraordinary circumstances" is narrowly construed.  *See Robertson*, 624 F.3d at 784.  Neither ignorance of the law nor the lack of "professional legal assistance" constitutes an extraordinary circumstance requiring tolling of the statute of limitations.  *See Allen v. Yurkins*, 366 F.3d 396, 403 (6th Cir. 2004) (finding ignorance of the law insufficient for tolling); *Holloway v. Jones*, 166 F.Supp. 2d 1185, 1189 (E.D. Mich. 2001). Again, Watters offers nothing to suggest anything extraordinary occurred that prevented him from raising either the Sentencing Guidelines Claim or the Lack of Resistance Claim before the statute of limitations expired.

Next, in his response brief, Watters asserts, in wholly conclusory fashion, that he "is innocent of all charges." (ECF No. 13, PageID.1655).  This seems to be an attempt by Watters to invoke the doctrine that a habeas corpus petitioner may be entitled to equitable tolling by making a credible showing of actual innocence.  *See e.g., Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005); *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (courts should consider untimely petitions for a writ of habeas corpus when they demonstrate a credible showing of actual innocence in order to avoid "fundamental miscarriages of justice" resulting in the continuing incarceration of innocent persons).  This doctrine imposes a high standard of proof on the petitioner seeking to invoke it. *McQuiggin*, 133 S.Ct. at 1933.  The AEDPA codified Congress' intention for a higher standard of proof, requiring that a valid claim of "actual innocence" exists only where "the petitioner can establish that no reasonable factfinder would have found [her] guilty of the underlying offense by clear and convincing evidence."  28 U.S.C. § 2244(b)(2)(B).  Watters clearly fails to meet that exacting standard.

11

While Watters claims "actual innocence" in his response to Respondent's motion to dismiss, he does so only in one vague and conclusory sentence in which he states he is "innocent of all charges." (ECF No. 13, PageID.1655). That clearly is not sufficient to meet the high standard required for equitable tolling to apply. *McQuiggin*, 133 S.Ct. at 1933 (citing U.S.C. § 2244(b)(2)(B)). Moreover, Watters goes on to contradict his actual innocence claim by asserting that his preliminary sentencing guideline report contained "incorrect information based on there being two victims **when there [was] really one.**" (ECF No. 13, PageID.1656) (emphasis added) (internal quotations omitted). But Watters was only convicted of sexually abusing one child (ECF No. 12-15, PageID.1228) ("Defendant was convicted of sexually assaulting his stepdaughter on numerous occasions from November 2010 to November 2011."), and the statutes he was convicted of violating do not require more than one victim. M.C.L. §§ 750.520b(2)(b), 750.520(c)(1)(a). Thus, Watters' admission that there was, in fact, "one" victim, eviscerates his "actual innocence" claim.

C.   *Dismissal of Watters' Sentencing Guidelines Claim and Lack of Resistance Claim is Appropriate on the Merits*

Finally, even if equitable tolling applied to Watters' Sentencing Guidelines Claim and Lack of Resistance Claim, dismissal of those claims would still be appropriate. First, Watters admits in his Petition that he did not exhaust those claims through the Michigan state courts. *See supra* at 4. When a federal district court receives a "mixed" § 2254 petition, containing both exhausted and unexhausted claims, the Court can take any of the following four approaches:

(1) dismiss the mixed petition in its entirety, []; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, []; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, []; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

*Aldridge v. Morrison*, No. 2:20-CV-10886, 2020 WL 3605074, at *2 (E.D. Mich. July 2, 2020) (citing *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005).

Here, the Court may ignore the exhaustion issue altogether because Watters' Sentencing Guidelines Claim and Lack of Resistance Claim fail on the merits.

       i.    *Sentencing Guidelines Claim*

Watters' Sentencing Guidelines Claim is based on his argument that, by scoring him with *two* victims instead of just the *one actual* victim, the "OV Level" (Offense Variable Level) of his Preliminary Sentencing Guideline Report applicable to the number of victims – OV 9 – "was [scored at] 10 points when [it] was to be scored with 0 points." (ECF No. 1, PageID.19-21). But even assuming Watters is correct, this would only have dropped his overall OV Level from 90 to 80. (*Id.*, PageID.21). Such a change would have had no impact on Watters' overall OV Level because scores of both 80 and 90 place the defendant in the same overall OV Level of "VI," the highest "OV Level" that is reached at "75+ Points." (*See* Sentencing Grid for Class C Offenses – MCL 777.64, available at, https://mjieducation.mi.gov/documents/felony-sentencing-resources/493-2016-sgm/file, page 144, last visited March 18, 2022). With no change to Watters' OV Level, his sentencing guidelines would also have remained the same.

### ii. *Lack of Resistance Claim*

Watters' Lack of Resistance Claim seems to be that his trial counsel failed to elicit testimony that the child victim did not resist his repeated sexual abuse. This claim lacks merit. There is no dispute that Watters' victim was a child under the age of 13, and "[u]nder Michigan law, a 13-year-old child cannot consent to sex." *People v. Casson*, No. 349090, 2021 WL 1157284, at *6 (Mich. Ct. App. Mar. 25, 2021). *See also People v Starks*, 473 Mich. 227, 229-235 (2005). Since the child's purported "consent" would not be a defense to the crimes in question, nor could the child's "lack of resistance" be a defense. Finally, M.C.L. § 750.520i specifically provides, "[a] victim need not resist the actor in prosecutions under sections 520b to 520g."

For all of the foregoing reasons, Watters' attorney could not have provided ineffective assistance of counsel by failing to elicit testimony as to a purported lack of resistance by the child victim. *Craig v. Winn*, No. 20-1844, 2021 WL 3195841, at *3 (6th Cir. May 20, 2021) (citing *Sutton v. Bell*, 645 F.3d 752, 755 (6th Cir. 2011) (holding that counsel is not ineffective for failing to pursue a meritless issue)).

## IV. Recommendation

For all of the above reasons, the Court **RECOMMENDS** that the Respondent's motion to dismiss **(ECF No. 13)** be **GRANTED** and Watters' habeas corpus Petition **(ECF No. 1)** be **DISMISSED**.

## V. Certificate of Appealability

When considering a § 2254 motion, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules

Governing Section 2254 Proceedings for the United States District Courts.  A petitioner must obtain a certificate of appealability ("COA") before he may appeal the denial of his § 2254 motion.  28 U.S.C. § 2253(c)(1)(B).  A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). In cases like Watters', where the petitioner's claims are rejected on procedural grounds, the petitioner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right.  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, for all of the reasons stated above, the Court finds that Watters did not satisfy either of these requirements.  Similarly, where the petitioner's claims are rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA.  *Slack*, 529 U.S. at 484.  Again, for all of the reasons stated above, to the extent the Court reaches the merits of Watters' Sentencing Guidelines Claim and Lack of Resistance Claim, the Court finds that Watters did not make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and cannot satisfy the *Slack* criteria.

Accordingly, the Court should deny Watters a certificate of appealability.


Dated: March 21, 2022                                    s/David R. Grand
Ann Arbor, Michigan                                      DAVID R. GRAND
                                                         United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Crim. P. 59(b)(2), and E.D. Mich. LR 72.1(d)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 21, 2022.

s/Eddrey O. Butts
EDDREY O. BUTTS

Case Manager