UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM ONEAL WATTERS, | ) | CASE NO. 20-CV-11534 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| CONNIE HORTON, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

On March 21, 2022, the assigned Magistrate Judge issued a Report and Recommendation ("R&R") (ECF # 14) recommending the Respondent's Motion to Dismiss Watters' 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (ECF # 11) be granted because Watters' petition was filed beyond the applicable statute of limitations and was not subject to equitable tolling. On April 5, 2022, Watters filed objections to the R&R. (ECF # 15.)

For the reasons that follow, the Court **ACCEPTS** and **ADOPTS** the R&R and Watters' Petition is **DISMISSED.**

### STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also Powell v. United States,* 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the

1

district court in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock,* 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## MAGISTRATE JUDGE'S FINDINGS AND PETITIONER'S OBJECTIONS

The R&R sets forth in detail the factual and procedural history of the case, which the Court adopts in full here. In synopsis, Watters was convicted in a state jury trial of three counts of first-degree criminal sexual conduct, and three counts of second-degree criminal sexual conduct, in each case against a child less than thirteen years of age, in violation of M.C.L. §§ 750.520b(2)(b) and 750.520c(1)(a), respectively. Watters was sentenced as a habitual offender to a lengthy prison sentence on November 8, 2013. Watters engaged direct appeal of his conviction, which was affirmed on August 18, 2015. The Michigan Supreme Court denied his application to appeal on February 2, 2016, and Watters did not petition the United States Supreme Court. Thus, his conviction became final, by rule, on May 2, 2016.

Based on the foregoing and applying the appropriate statute of limitations, the Magistrate Judge found that the one-year statute of limitations for Watters to file a habeas corpus petition began running when his conviction became final and would expire one year later, on May 3, 2017. However, the R&R notes that Watters filed a trial court motion for relief from judgment on April 25, 2017, eight days prior to expiration of the one year statute of limitations. That filing tolled expiration of the statute of limitations until Watters' motion was resolved. The trial court

denied Watters' motion for relief from judgment on June 16, 2017, and subsequently denied his motion for reconsideration on August 8, 2017. The R&R details Watters' appeal of that decision and the Magistrate Judge ultimately concluded the statute of limitations for filing Watters' Petition for Habeas Corpus expired on December 12, 2018. Waters filed his Petition on May 27, 2020.

The Magistrate Judge found Watters' Petition was not subject to any equitable tolling of the statute of limitations on Grounds One and Three of the Petition because Watters does not offer any facts that he pursued those claims diligently, or that he was prevented from pursing them due to extraordinary circumstances. Likewise, the Magistrate Judge found that Watters' explanations for equitable tolling of his Sentencing Guidelines Claim (Ground Two) and Lack of Resistance Claim (Ground Four) also lacked factual or logical application sufficient to demonstrate that Watters acted with the requisite diligence or was somehow prevented by extraordinary circumstances to be entitled to equitable tolling.

Last, Watters asserted that he was innocent of all the charges against him. The Magistrate Judge interpreted this assertion as an invocation of the doctrine that a habeas corpus petitioner may be entitled to equitable tolling by making a credible showing of actual innocence. Analyzing Watters' proffer, the Magistrate Judge found Watters failed to meet the "high standard" imposed by law that a claim of actual innocence requires clear and convincing evidence that no reasonable factfinder would have found petitioner guilty of the underlying offense.

Based on the foregoing, the Magistrate Judge found that Watters' Grounds for Relief are not subject to equitable tolling and are all beyond the applicable statute of limitations. The

Magistrate Judge further found that Watters' Sentencing Guidelines Claim and Lack of Resistance Claim also fail on the merits.

Watters objects to the Magistrate Judge's findings by unequivocally declaring his actual innocence. The basis for his claim is a general denial of the crimes and his speculation that "[i]f my trial attorney would of called my witnesses the jury would of heard testimony of my character and would of found me not guilty of these ridiculous and unthinkable allegations made against me. This case was based on credibility, word of mouth and not evidence of the physical." Watters then repeats his intention to correct errors so that when he proves his innocence, there will be "no hooks in the record."

## ANALYSIS

Watters' Objection does not address the Magistrate Judge's central finding that his Petition was filed beyond the applicable statute of limitations. His objection only asserts his claim of actual innocence and his intention to correct the record. The basis for Watters' claim of actual innocence is rooted in his Ground One ineffective assistance of counsel claim. However, Watters never addresses the Magistrate Judge's specific finding that his Ground One claim was not subject to equitable tolling because he did not show he pursued that claims diligently, or that he was prevented from pursing it due to extraordinary circumstances.

The Sixth Circuit has repeatedly explained parties must raise "specific objections to the magistrate's report" in objections to a report and recommendation. *Zimmerman v. Cason,* 354 F. App'x 228, 230 (6th Cir. 2009) (citation omitted). Thus, as here, when a petitioner fails to "specifically address how the [Magistrate Judge's] factual and legal recommendations were incorrect," a petitioner has "waived any challenge" to those conclusions. *Fields v. Lapeer 71-A District Court Clerk,* 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff's "conclusory objections" that did not address reasoning of the Magistrate Judge were "insufficient to preserve

4

his appeal of the district court's judgment"). See also *Aldrich v. Bock,* 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) (explaining that "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context").

The Court finds that Watters has failed to raise a proper objection or provide any credible showing of actual innocence such that his Petition could be subject to equitable tolling.[1] Accordingly, the Court **ACCEPTS** and **ADOPTS** the Report and Recommendation. Respondent's Motion to Dismiss is **GRANTED**. Watters' Petition is **DISMISSED**.

**IT IS SO ORDERED.**

/s Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: September 27, 2023**

---

[1] "A credible showing of actual innocence requires new reliable evidence that was not presented at trial." *Peyatt v. Gray,* No. 23-3159, 2023 U.S. App. LEXIS 15600, at *4 (6th Cir. June 21, 2023) (citing *House v. Bell,* 547 U.S. 518, 536-37, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006)); *Schlup v. Delo,* 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). The Court finds that Watters' speculation that had character witnesses been called to testify at trial he would have been found innocent of the charges is neither reliable nor evidence.